# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **No. 07-cv-0429** |
| | ) | |
| **THE PARKING AUTHORITY of the** | ) | |
| **CITY OF PITTSBURGH, An Authority** | ) | |
| **under the Management of the City of** | ) | |
| **Pittsburgh, JUDY DE VITO, in her** | ) | |
| **capacity as Director of Parking** | ) | |
| **Authority, JAMES WAXTER,** | ) | |
| **and STEVE GOOLING,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

### I. Introduction

Plaintiff Robert Davis, a coin collector for the Parking Authority of the City of Pittsburgh, filed this action against Defendants, the City of Pittsburgh Parking Authority ("Parking Authority"), Judy Devito ("Devito"), Plaintiff's supervisor and Parking Authority Director, and James Waxter ("Waxter") and Steve Gooling ("Gooling"), Plaintiff's co-workers. *See* Docket No. 1, at 2. Plaintiff alleges racial discrimination and retaliatory action in violation of the 1st, 5th and 14th Amendments to the U.S. Constitution; the Pennsylvania Whistleblower Law, 43 Pa.Cons.Stat.Ann. § 1424; and Title VII of the Civil Rights Act of 1964. *Id.* The question presented here is whether Plaintiff has alleged sufficient facts to survive a motion to

1

dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) filed by individual Defendants Waxter and Gooling.

## II. Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)). Claims should be dismissed under Rule 12(b)(6) "only if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. Gen. Nutrition Cos.,* 186 F.3d 338, 342 (3d Cir.1999) (internal citation omitted). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997).

## III. Factual Background

Plaintiff claims that the Defendants, his supervisor and co-workers, consistently discriminated against him based on his race by ostracizing, humiliating, and excluding him from conversation and socialization. Docket No. 1, at 1.  Plaintiff alleges that the Defendants conspired to falsely accuse him of both physical and verbal assault, and destruction of property. *Id.* Plaintiff claims he was the only African-American in his department at the Parking Authority, whereas all of his co-workers are white. *Id.*

Plaintiff further alleges that the following events gave rise to his claims.  Plaintiff was

2

hired by Defendant Parking Authority in August 1995 as an enforcement officer and was moved

to his position as a coin collector in 2000.  *Id.* at 3.  As part of his collection duties, Plaintiff was

expected to turn in Collection Trouble Reports to a supervisor at the Parking Authority.  *Id.*  The

Collection Trouble Reports documented which meters or vault cans were in need of repairs

and/or replacement.  *Id.*  Plaintiff alleges that he was harassed by his co-workers as a result of the

large number of Collection Trouble Reports he submitted.  *Id.* at  4.  When he wrote on one

particular coin vault that it was broken and should not be reused, he was suspended from his job

for three days.  *Id.*

On August 11, 2005, Defendant Gooling allegedly took the Plaintiff's work van keys

while Plaintiff was in the bank "with the intent to tease and harass Plaintiff in retaliation for

reporting the broken vault cans."  *Id.* at 5.  Plaintiff alleges that he reported the incident to

Defendant DeVito, who instructed a City of Pittsburgh police investigator to review a videotape

of the incident.  *Id.*  Plaintiff pleads that Defendant Devito instructed the investigator to look at

the wrong videotape, and dismissed the matter without informing the police officer about the

correct tape.  *Id.*  Additionally, Plaintiff was suspended for allegedly striking Defendant Gooling,

although Plaintiff denies that he ever struck Defendant Gooling.  *Id.* at 6.  In response to this

incident, Plaintiff filed a Complaint with both the Pennsylvania Human Relations Commission

and the EEOC, although his complaint fails to allege whether a right to sue letter was issued by

either.  *Id.*  While serving his suspension, Plaintiff states that he observed Defendants Waxter

and Gooling drive to Waxter's home during the middle of a work shift.  Plaintiff also contends

that he reported this action and Defendant Waxter was consequently suspended.  Plaintiff alleges

that as a result of this series of events, Defendant Waxter threatened to kill Plaintiff.  *Id.* at 7.

Given the above set of facts, Plaintiff was placed on Short Term Disability leave from October 2005 until April 2006. *Id.* at 7. When he returned from disability leave, Plaintiff was no longer permitted to ride with another employee during the work day. *Id.* at 8. After visiting the bank[1] alone to deposit the day's collections, which was against City policy, Plaintiff was again suspended. *Id.* at 9. Plaintiff alleges that both Defendants Waxter and Gooling have similarly gone to the bank alone and neither was disciplined. *Id.* Because of the continued harassment and threats, Plaintiff is currently on Short Term Disability. *Id.* at 11. Plaintiff has now brought suit to which a 12(b)(6) Motion has been filed by the individual Defendants Waxter and Gooling.

## IV. Analysis

### A. Claims under 28 U.S.C. § 1343

Plaintiff's constitutional claims under 28 U.S.C. § 1343 are improperly invoked. A plain reading of 28 U.S.C. § 1343 reveals that it is a provision relating to federal jurisdiction, and does not, in and of itself, set forth a cause of action. Yet, the Plaintiff pleads that he is bringing this action under the "1st, 5th, and 14th Amendments of 28 U.S.C. § 1343." *See* Docket No. 1, at 12. It may be that Plaintiff is asserting constitutional claims under § 1983 (as discussed below) and in that case 28 U.S.C. § 1343 would give this Court jurisdiction to hear such constitutional claims. To the extent that Plaintiff attempts to set forth a cause of action under 28 U.S.C. § 1343, such claim is dismissed with prejudice. However, to the extent Plaintiff is attempting to establish jurisdiction to plead the § 1983 claims, if any, such claim is dismissed without prejudice and Plaintiff is permitted leave to amend within thirty (30) days.

---

[1] Plaintiff states in his complaint that coin collectors collected money out of the parking meters on their routes and turned in said monies at the bank at the end of each day. Docket No. 1, at 3.

4

## B. Constitutional Claims under 42 U.S.C. § 1983

The Court recognizes that the Plaintiff makes a passing reference to 42 U.S.C. § 1983 in his complaint. Docket No. 1, at 3. Plaintiff pleads that the Defendants Waxter and Gooling acted under color of state law within the meaning of 42 U.S.C. § 1983 when they engaged in the alleged on-going and discriminatory behavior. *Id.* However, even under federal notice pleading standards, the Plaintiff fails to adequately plead what specific constitutional violations have occurred as a result of Defendants' allegedly discriminatory behavior.[2]

In order to state a claim for a § 1983 action, "a plaintiff must establish (1) that the conduct complained of was committed by a person acting under color of state law and (2) that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shaw v. Stackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Although the two prerequisites are intertwined, the Court will examine them separately.

### 1. Color of State Law

"The traditional definition of action under color of state law requires that one liable under § 1983 has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir 1998) (citing *West v. Atkins*, 487 U.S. 42, 49 (1988)). In fact, the Supreme Court has said: "it is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the state action requirement of the Fourteenth Amendment are

---

[2]It is important to note that there is no heightened pleading standard required for 42 U.S.C. § 1983, and that the standard is notice pleading as required under the Federal Rules of Civil Procedure.*See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166-68 (1993).

5

identical." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 929 (1982). Although "state employment is

generally sufficient to render the defendant a state actor," *Lugar*, 457 U.S. at 935 n. 18,[3] "not

every action taken by a state employee is deemed to have occurred under color of state law."

*Boykin v. Bloomsburg Univ. of Penn.*, 893 F.Supp. 409, 417 (M.D. Pa. 1995).

Generally, a public employee acts under color of state law within the meaning of § 1983

when acting in his official capacity or while exercising his responsibilities pursuant to state law.

*West*, 487 U.S. at 50 (citing *Parratt,* 451 U.S. at 535-536; *Adickes v. S.H. Kress & Co.,* 398 U.S.

144, 152 (1970)).  Whether or not the conduct in question is in compliance with state law or in

violation of state law is inconsequential as both actions have been determined to be within the

scope of § 1983's "under color of state law." *Monroe v. Pape*, 365 U.S. 167, 184 (1961).

Difficulties arise when a state official's conduct is entirely, or almost entirely, outside the

scope or course of his employment, but that official still carries the badges or emblems of state

authority when he comes into conflict with the plaintiff.  For example, the Third Circuit has found

a police officer to be acting under color of state law when a police officer argued with a motorist

while on the job, then went to the motorist's home while off-duty and beat the motorist. *Andrews

v. City of Philadelphia*, 895 F. 2d 1469 (3d Cir. 1990).

Here both Defendants are employed by the City of Pittsburgh[4] and the alleged

---

[3] Some examples of when the Court has found that state employment is not sufficient to render someone a state actor include public defenders, *see Polk County v. Dodson*, 454 U.S. 312 (1981) (since as a public defender he is not acting on behalf of the state, but is, in fact, the state's adversary), and state contractors, *see Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) (where the Court held that a private school was not acting under color of state law for § 1983 purposes even though most of its students had been referred to the school under a state contract that paid for the education of such students).

[4] For purposes of § 1983 and "acting under color of state law," state employees and local officials acting in their official capacity can be considered to be "acting under color of state law."*Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir.1994).

6

discriminatory incidents occurred during the course of the work day when the Defendants wore the uniform of the City as coin collectors for the Defendant Parking Authority. Although under *Lugar* this creates the presumption that both Defendants are indeed state actors acting under color of state law for § 1983 purposes, this is not the end of the Court's inquiry. Whether or not such Defendants were indeed acting under color of state law also depends, in part, on what actions the Defendants undertook. Accordingly, the Court must consider whether the individual moving Defendants' alleged actions can be described as purely private in nature and completely unrelated to their positions and authority as government employees so that their actions cannot be fairly attributable to the state. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, (3d Cir. 1995) ("The issue is not whether the state was involved in some way in the relevant events, but whether the action taken [by the Defendants] can be fairly attributed to the state itself.").

Here the Defendants' alleged actions, which included harassment, teasing[5], and threats against a fellow city employee,[6] could arguably be described as personal and private in nature.[7] Moreover, the Plaintiff's allegations appear to be inextricably intertwined with his allegations that such actions occurred as a result of, inter alia, his reports of unsatisfactory job performance by

---

[5] The Plaintiff alleges that on or about August 11, 2005, Defendant Gooling took Plaintiff's keys for Plaintiff's city work vehicle, and kept the keys with the intent to harass and tease Plaintiff for reporting broken parking meter coin collection vault cans. *See* Docket No. 1, at 5.

[6] The Plaintiff alleges that on or about October 5, 2005, Defendant Waxter threatened to kill the Plaintiff for turning in Collection Trouble Reports, and photos taken by Plaintiff of Waxter, at Waxter's residence, on or about September 23, 2005. *See* Docket No. , at 7.

[7] The Court recognizes this situation, while not directly analogous, is similar in vein to claims in which a worker is estopped from collecting benefits when his injury occurred on the job but was the result of purely personal conduct. *Groff v. Southland Corp.*, 956 F. Supp 560, 563-63 (M.D. Pa.1997). However, while such personal conduct is an absolute bar to recovery in Worker's Compensation claims, the fact a city or state employee is acting illegally or for personal reasons does not automatically mean they are not acting under color of state law for § 1983 purposes. *See Monroe*, 365 U.S. at 184.

Defendants Waxter and Gooling, including their alleged failure to properly report troubles with the parking meters. Further, Plaintiff pleads that individual Defendants Waxter and Gooling engaged in these activities during the course of their work day based on this Plaintiff's race.[8]  These facts, when construed in a light most favorable to the Plaintiff (as the Court must on a Motion to Dismiss), leads this Court to conclude that the actions of the individual Defendants can fairly be attributed to the State. Accordingly, at this stage, Plaintiff has adequately plead that the individual Defendants' actions were based on impermissible racial reasons which occurred under color of state law as required by 42 U.S.C. § 1983.

### 2. Conduct

The Court now turns to whether the Plaintiff has adequately plead facts to support the second statutory prerequisite of § 1983. Even under the liberal federal notice pleading standards that the Supreme Court reaffirmed in *Leatherman* for § 1983 actions, the Plaintiff's complaint fails to explicitly state or allege conduct that "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shaw v. Stackhouse*, 920 F.2d at 1141-42. Plaintiff's complaint never links the alleged actions by the individual Defendants to the applicable constitutional provisions or rights that those actions allegedly violated. The Plaintiff merely states that Defendants violated Plaintiff's 1st, 5th and 14th Amendment rights.[9]  Federal notice pleading requires that, at a minimum, a complaint must "give the defendant fair notice of

---

[8] As the Court noted above, Plaintiff alleges he was the only African American employed by the City of Pittsburgh Parking Authority and that much of the discriminatory actions alleged in the complaint occurred purportedly based upon the Plaintiff's race.  Docket No. 1, at 1.

[9] Additionally, the Court recognizes that in his Reply Brief to the Defendants' Motion to Dismiss, the Plaintiff alleges that Defendants were "white co-workers who conspired to deprive Plaintiff of rights identified as constitutional. *See* Docket No. 11, at 1. For the reasons set forth below related to the adequacy of Plaintiff's pleading, however, the existence of this potential conspiracy charge against public officials under 42 U.S.C. § 1985 does not change the Court's overall disposition on this Motion.

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). It does not, however, require "a claimant to set out in detail the facts upon which he bases his claim." *Leatherman,* 507 U.S. at 168.

As the Third Circuit noted in *Alston v. Parker,* 363 F.3d 229 (3rd Cir. 2004), a civil rights complaint is not subject to dismissal due to the absence of factual allegations. *Id.* at 233 n. 6. The Court went on to note that although "a plaintiff need not plead facts," his Complaint is not protected from a motion to dismiss if he fails to give notice to the Defendant of the "claim upon which relief can be granted." *Id.* Here, Plaintiff's Complaint simply alleges that the individual Defendants Waxter and Gooling's conduct violated the 1st, 5th and 14th Amendments to the United States Constitution. This cursory listing of constitutional claims is not linked to the complained of actions and therefore runs afoul of the pleading requirement for "a short and plain statement." Fed.R.Civ.P. 8(a). Accordingly, the Court finds that the Plaintiff's current pleading, which is a mere list of possible constitutional claims, does not give the individual Defendants Waxter and Gooling adequate notice.

However, in the interest of "substantial justice", as required by Fed.R.Civ.P. 8(f), the Court orders that the Defendants' Motion to Dismiss the constitutional claims under § 1983 is granted without prejudice in order to give the Plaintiff an opportunity to amend his complaint. In fact, given the precedent in the Third Circuit " that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state claim unless doing so would be inequitable or futile," *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007), this Court cannot, in good faith, claim that permitting an amended complaint is bound to be futile. Thus, the Plaintiff may file an amended

9

complaint against individual Defendants Waxter and Gooling with respect to any alleged constitutional claims under 42 U.S.C. § 1983, within thirty (30) days.

### C. Claims under the Pennsylvania Whistleblower Act

Turning to Plaintiff's claim against Defendants Waxter and Gooling under the Pennsylvania Whistleblower Law ("PWL"), 43 Pa.Cons.Stat.Ann. § 1424, Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff has not plead that individual Defendants Waxter and Gooling hold the status of "employers" as required by the statutory language of the PWL.

Relief under 43 Pa.Cons.Stat.Ann. § 1424 can only be granted for actions against an employee by an "employer." *See* 43 Pa.Cons.Stat. § 1423(a) ("No employer may discharge, threaten or otherwise discriminate or retaliate against an employee..."). An "employee" is defined by the PWL as "a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied, for a public body." 43 Pa.Cons.Stat. §1422 (West 2006). An "employer" is defined by the PWL as "a person supervising one or more employees, including the employee in question; a superior of that supervisor; or an agent of a public body." *Id.*

Here, based upon the statutory definitions, it is apparent from the Plaintiff's own pleadings that the Defendants Waxter and Gooling are employees and not employers. Docket No. 1, at 3. Therefore, given the plain statutory language, Plaintiff has failed to state a claim under which relief can be granted under the PWL. The PWL claims against Defendants Gooling and Waxter are dismissed with prejudice.

10

**D. Title VII Claims**

To have a prima facie case of Title VII discrimination, a plaintiff must show: (1) that he is a member of a protected class, (2) that he suffered some form of adverse employment action, and (3) that this action occurred under circumstances that give rise to an inference of unlawful discrimination such as might occur when a similarly situated person not of the protected class is treated differently. *Jones v. School Dist. Of Philadelphia*, 198 F3d. 403, 410 (3d Cir. 1999). Of importance, the Third Circuit has made it clear that, "Congress did not intend to hold individual employees liable under Title VII." *Sheridan v. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996); *See also Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) ("[I]ndividual employees are not liable under Title VII.").

Plaintiff specifically alleges in his Complaint that Waxter and Gooling were co-workers of Plaintiff, and that all were employees of the Defendant Parking Authority. Docket No. 1, at 2 - 3. Nowhere in Plaintiff's complaint does he allege that individual Defendants Waxter and Gooling were his supervisors or employers. Therefore, relief cannot be granted under Title VII against the individual Defendants Gooling and Waxter and this claim is dismissed with prejudice as to these individual Defendants.

**V. Conclusion**

Accordingly, this 14th day of August, 2007, upon consideration of Defendants' Motion to Dismiss as to Defendants James Waxter and Steve Gooling (Docket No. 6), Defendant's Brief in Support (Docket No. 7), Plaintiff Robert Davis' Response (Docket No. 10) and Brief in Opposition (Docket No. 11), and Defendants' Brief in Reply to Plaintiff's Response (Docket No. 13); IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss individual Defendants

11

Waxter and Gooling is **GRANTED WITHOUT PREJUDICE** with respect to the jurisdictional claims under 28 U.S.C. § 1343, and the constitutional claims pled under 42 U.S.C. § 1983, permitting Plaintiff an opportunity to amend within thirty (30) days, and **GRANTED WITH PREJUDICE** with respect to the Pennsylvania Whistleblower Act and the Title VII claims.  An appropriate order follows.

/s/Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: August 14, 2007

cc:  All counsel of record